[No. 308. Decided January 15, 1892.]

NELSON CHILBERG, *Respondent*, v. WILLIAM E. JONES AND
JOHN M. HUBBELL, *Appellants*.

CONTRACT—PROFITS—EVIDENCE—VARIANCE.

In an action for commissions under a contract whereby plaintiff
was to buy hay for defendants and should receive as compensation
one-half the profits upon the transaction, the defendants are en-
titled to have deducted from the price of the hay sold by them the
amount paid for seventy-five tons, which were shown to have been de-
stroyed.

In such an action, where the complaint sets out the contract as
one for the division of profits, without any limitation or explana-
tion as to how the profits should be determined, the term "profits"
will be construed to be used in its mercantile sense, meaning the
amount realized over and above the entire expense of the purchase
and sale of the hay; and the testimony of plaintiff that the profits
were to be the difference between the first cost of the hay with

freight and wharfage added, and the wholesale price in the city of Seattle as established by a certain firm, regardless of whether defendants realized upon such wholesale price, is inadmissible under the pleadings.

*Appeal from Superior Court, King County.*

Action by Nelson Chilberg against William E. Jones and John M. Hubbell, co-partners under the firm name of Jones & Hubbell, to recover commissions under a contract for the purchase of hay. Judgment for plaintiff, and defendants appeal.

*Smith & Littell,* for appellants.

*James M. Gephart (Tharrington & Steele,* of counsel), for respondent.

The opinion of the court was delivered by

HOYT, J.—Upon the trial of this cause in the court below numerous exceptions to the overruling of objections to the testimony, and to the action of the court in refusing to give and in giving instructions to the jury, were taken by the appellants, and have been preserved in the record, and are here for review. But as the view which we take of the case does not render it necessary that they should be separately examined for the purposes of this appeal, we can see no good reason for reviewing them in detail, as under this opinion the cause will be disposed of without a new trial.

The whole scope of the evidence introduced, and the rulings of the court in passing upon objections thereto, together with the instructions given by him in submitting it to the jury, establish the fact that the court took the view that the contract sued upon might be considered as one under which plaintiff was to purchase the hay in question, and was to receive as his compensation for so doing a certain sum upon each ton so purchased, which sum was to be

one-half the profits made upon that particular ton. With this view of the contract, excepting for one question which we shall hereafter discuss, the rulings of the court, both in the admission of testimony and in its instructions to the jury, could all probably be sustained. But we are of the opinion that the complaint does not set up a contract of this kind at all. As we interpret the complaint, the contract therein set out provided for a single transaction, and that was the purchase of hay by the plaintiff for the defendants, and a sale by them, and that the compensation agreed upon to be paid was half the profits made by the defendants in such entire transaction. If such was not the necessary construction of the complaint standing alone, the first affirmative allegation in the answer, and the admission of its truth in the reply, make it certain that such was the contract. We see no authority whatever for holding that the contract stated in the pleadings was one by which each ton of hay purchased thereunder was to be treated as a separate transaction, and the plaintiff entitled to his share of any profit that might be made on such single ton, regardless of the question as to whether or not on the whole transaction there was profit made or loss suffered. Not only do the pleadings fail to state such a contract, but as we view the testimony of the plaintiff himself, the contract which it established was not of this nature, but was clearly one providing that his compensation should be one-half of the profits upon the transaction as a whole. The fact that he testifies that the profits to be thus divided were not to be determined by what the defendants actually cleared upon the transaction, but from other data agreed upon by the parties, could have no effect upon this proposition. According to his testimony, as we understand it, the "profits," or what he termed profits, were to be the difference between the price of all the hay sold by defendants, computed at the wholesale price, as established by the firm of S. Baxter &

Co., at the time of the sale, and the amount paid by him for all hay purchased, with freight and wharfage added. If such was the contract, the defendants were entitled to have deducted from the price of the hay sold by them, computed as above, the amount paid for the seventy-five tons of hay shown to have been destroyed, as well as for that sold. The court was asked to instruct the jury to make such deduction, but it refused to do so. This was error.

The other question to which we referred above goes to the admissibility of the testimony of plaintiff under the pleadings. The complaint set out the contract as one for the division of the profits made in the transaction, without any limitation or explanation as to how the profits should be established or determined. The proofs offered thereunder tended to show that while the compensation was to be determined by the profits, yet what were termed "profits," as testified to by the plaintiff, were not in fact made up of the difference between the total cost to the defendants at the time the sale was made and the amount received by them, but instead thereof, of the difference between the first cost of the same, with freight and wharfage added, and the wholesale price in the city of Seattle, regardless of the question as to whether or not defendants in fact realized such wholesale price, and also regardless of the amount of expense other than freight and wharfage which might have been incurred by them in making sale of the property. We are of the opinion that this proof tended to establish a contract not set up in the complaint. The term "profit," as used in a mercantile sense, has a definite and well understood meaning, and as used in the complaint in this action must be held to mean that plaintiff was entitled to one-half of the amount realized by the defendants for the hay sold, over and above the entire expense to them of the property purchased by him under said contract at the time such sales were made.

The respondent contends that, even although this proposition is true, he is saved from the effects thereof by the provisions of §§ 105, 106 and 107 of the Code of 1881. We should probably agree with him in this contention had this proof been introduced without objection on the part of the defendants, but such was not the case, as objections were seasonably interposed, and the attention of plaintiff's attorney thereby called expressly to the insufficiency of his complaint to warrant testimony of the nature introduced. Under these circumstances, without any offer upon his part to amend his complaint, we do not think this court should now amend it for him, or treat it as having been amended. When the plaintiff rested, he had not introduced any proof tending to establish the cause of action set out in the pleadings, and defendant's motion for non-suit should have been granted.

The judgment must be reversed, and the cause remanded with instructions to grant said motion and dismiss the action.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.